UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| NAOMI ABELL,<br>　　**Plaintiff,**<br><br>v.<br><br>MICHAEL KELLY MILLER d/b/a<br>SAVING YOUR BRAIN,<br>　　**Defendant.**<br>_____ | )<br>)<br>)<br>)<br>)　Case No.:<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Naomi Abell (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint setting forth her claims against Defendant, Michael Kelly Miller (hereinafter "Defendant). Plaintiff hereby alleges that Defendant wrongfully terminated her employment in violation of Florida Statute § 40.271 by firing her in retaliation for her jury duty service. Additionally, Plaintiff brings this action for unpaid minimum wages violations against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her allegations, Plaintiff states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a resident of Hillsborough County, Florida.

2. Defendant is a brain care facility conducting business in Hillsborough County, Florida.

1

3. Plaintiff was employed by Defendant as a medical assistant.

4. Thus, Plaintiff worked for Defendant and performed related services for Defendant in Hillsborough County, Florida.

5. Personal jurisdiction in Hillsborough County, Florida is appropriate because all events pertaining to this action occurred in Hillsborough County, Florida.

6. This Complaint has been filed in a timely manner.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed as a part-time medical assistant at a brain care facility operated by Defendant.

8. Plaintiff started to work on April 30, 2025, at a pay rate of $17 per hour.

9. Plaintiff's primary job responsibilities included helping to assist patients with treatments.

10. On or about April 5th, Plaintiff was summoned to serve on a jury in Okaloosa County, Florida.

11. Plaintiff attempted to notify Defendant on her first day of work, but was unable to do so because he abruptly left in the middle of her training before she could inform him.

12. On May 2nd, Plaintiff informed Defendant that she had to travel to her hometown for mandatory jury duty and provided documentation to support this.

13. Despite Plaintiff's efforts to obtain an exemption, she was still required to appear.

14. When Plaintiff notified Defendant, Defendant insisted that Plaintiff call the court and state that she was a student living there, which was technically not true, as Plaintiff is not scheduled to start school until the Fall semester.

15. Plaintiff explained Defendant that she was legally obligated to report, and reassured him that she would be available to resume work immediately upon returning.

16. Defendant then fired Plaintiff three days later, on May 2, 2025, because she was summoned to serve on a jury in Okaloosa County, Florida.

17. Plaintiff was wrongfully terminated after working only 11.25 hours and was never paid for the hours worked.

18. As of the filing of this lawsuit, Plaintiff has not been paid for the hours she worked for Defendant.

19. Plaintiff has suffered significant financial and emotional harm as a result of her termination.

20. Plaintiff was fired because she was summoned for jury duty and desired to comply with the summons. The termination was in direct violation of in violation of Florida Statute § 40.271.

21. Defendant terminated Plaintiff's employment because she refused to comply with Defendant's instruction to abstain from attending jury duty service.

22. Prior to her termination, Plaintiff did not have any performance or disciplinary issues with Defendant.

23. Defendant has not supplied any legitimate reason for Plaintiff's termination and has no legitimate basis to support its termination decision.

24. Additionally, Defendant did not pay Plaintiff minimum wages for all hours worked in a single workweek during her employment with Defendant.

25. During her three days of employment, Plaintiff worked around 11.25 hours for which she was not paid.

26. Plaintiff desired to be paid wages for all hours worked in a single workweek required by the FLSA.

27. As of this filing, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

28. Plaintiff seeks full compensation, including unpaid minimum wages, back pay, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff minimum wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

29. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

30. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid minimum wages, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

31. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

32. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the brain care industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce. Specifically, Defendant regularly communicated with out-of-state insurance companies, entities, and persons in the normal course and scope of work.

33. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of hours worked by Plaintiff during her employment.

34. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

35. Plaintiff demands a trial by jury.

## COUNT I
## WRONGFUL TERMINATION IN VIOLATION OF FLORIDA STATUTE § 40.271

36. The allegations of Paragraphs 1-35, as set forth above, are re-alleged in full and incorporated herein by reference.

37. Plaintiff was employed as a part-time medical assistant at a brain care facility operated by Defendant.

38. Plaintiff started to work on April 30, 2025, at a pay rate of $17 per hour.

39. Plaintiff's primary job responsibilities included helping to assist patients with treatments.

40. On or about April 5th, Plaintiff received a summons to appear for jury duty in Okaloosa County, Florida on May 12th, 2025.

41. Shortly after being hired, Plaintiff informed Defendant of her summons to appear for jury duty in Okaloosa County.

42. When Plaintiff notified Defendant, Defendant insisted that Plaintiff call the court and state that she was a student living there, which was technically not true, as Plaintiff is not scheduled to start school until the Fall semester.

43. Plaintiff explained Defendant that she was legally obligated to report, and reassured him that she would be available to resume work immediately upon returning.

44. Defendant then fired Plaintiff three days later, on May 2, 2025, because Plaintiff was summoned to appear for jury duty.

45. Defendant violated Florida Statute § 40.271 by firing Plaintiff because she was summoned to appear for jury duty and desired to comply with her summons.

46. Prior to her termination, Plaintiff did not have any performance or disciplinary issues with Defendant.

47. Plaintiff has been damaged as a result of the termination and seeks back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

## COUNT II
## UNPAID WAGES UNDER FLSA

48. The allegations of Paragraphs 1-47, as set forth above, are re-alleged in full and incorporated herein by reference.

49. Plaintiff was employed by Defendant as a non-exempt, hourly employees and was, at all times, protected by the FLSA.

50. Plaintiff worked approximately 11.25 hours during three days of employment but was not compensated for the hours worked.

51. Defendant violated the FLSA by failing to compensate Plaintiff for all hours worked per week.

52. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff wages for all hours worked by Plaintiff for Defendant.

53. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid minimum wages, liquidated damages, attorney's fees, and costs.

## JURY DEMAND AND PRAYER FOR RELIEF

54. Plaintiff demands a jury on all issues so triable.

55. Plaintiff respectfully requests this Court to award Plaintiff back pay, front pay, general damages, compensatory damages, punitive damages, appropriate interest, attorney's fees, costs, and any other remedy that this Court deems appropriate.

RESPECTFULLY submitted on October 31, 2025.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
1971 West Lumsden Road
Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com